1
2
3
4

5              UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF WASHINGTON

7  DAVID W. SANDERS,
                                          NO: 12-CV-0580-TOR
8              Plaintiff,
                                          ORDER RE DISCOVERY
9        v.

10 ENERGY NORTHWEST, a
   Washington municipal corporation,
11
               Defendant.
12

13     BEFORE THE COURT is Plaintiff's Motion for Protective Order Re:

14 Medical Records and Joint Representation Privilege (ECF No. 32).  This matter

15 was initially heard during a telephonic discovery conference held on October 8,

16 2013, pursuant to this Court's informal discovery dispute resolution policy.

17 Several matters were resolved during the telephonic conference and the Court

18 entertained additional briefing, which is now complete.  The Court has reviewed

19 the briefing and the record and files herein, and is fully informed.

20 ///

ORDER RE DISCOVERY ~ 1

BACKGROUND

Plaintiff, David W. Sanders, filed this whistleblower retaliation suit pursuant to Section 211, of the Energy Reorganization Act of 1974 (ERA), 42 U.S.C. § 5851(b)(4).  Defendant, Energy Northwest (ENW) propounded interrogatories and requests for production, including the two subjects that generate the present dispute.

ENW asked Mr. Sanders to "Describe the mental and emotional distress, including all mental or physical symptoms and/or conditions, embarrassment and humiliation you have experienced and for which you believe you are entitled to receive non-economic damages as stated in . . . your Initial Disclosures." Interrogatory No. 7, ECF No. 33 at 30.  ENW asked Plaintiff to "identify and provide current contact information for all medical professionals with whom you have discussed diagnoses, treatments, symptoms, health issues, etc. that are in any way related to or similar to the treatments, symptoms, health issues, etc. that form the basis for your claim for mental and emotional distress, embarrassment and/or humiliation damages.  Interrogatory No. 8, ECF No. 33 at 33.  ENW also requested Plaintiff to produce "All documents that refer to, relate to, reference, describe or discuss the emotional harm, including loss of enjoyment of life, pain and summering [sic], mental anguish, emotional distress, injury to reputation, fear, anxiety and humiliation you state you have experienced in paragraph 4.2 of the

1  Complaint." RFP No. 8, ECF No. 33 at 60. Plaintiff objects to providing the
2  information sought on the basis of "the physician-patient privilege and/or the
3  psychotherapist-patient privilege and …numerous federal court cases finding that
4  the privileges are not waived through the mere assertion of 'garden variety'
5  emotional harm damages." ECF No. 32 at 3-4.

6  Concerning the second subject of the current dispute, ENW asked Plaintiff
7  to produce "All documents which in any way constitute, relate to or refer to
8  communications between you and any current or former employee of Defendant
9  from January 1, 2009 to date concerning any of the allegations in the Complaint."
10 RFP No. 13, ECF No. 33 at 67. Plaintiff objected based, inter alia, on the grounds
11 that the request seeks "attorney-client privileged communications or work product"
12 and on the "basis of joint representation" but then Plaintiff declared that "he does
13 not have any documents responsive to this request." *Id*. at 67-68.

14 DISCUSSION

15 Civil discovery is quite broad. Fed. R. Civ. P. 26(b), provides in relevant
16 part:

17 (1) Scope in General. Unless otherwise limited by court order, the
    scope of discovery is as follows: Parties may obtain discovery
18  regarding any nonprivileged matter that is relevant to any party's
    claim or defense—including the existence, description, nature,
19  custody, condition, and location of any documents or other
    tangible things and the identity and location of persons who know
20  of any discoverable matter. For good cause, the court may order
    discovery of any matter relevant to the subject matter involved in

ORDER RE DISCOVERY ~ 3

>the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The disputes currently before the Court concern the scope of privileged matter. Federal Rule of Evidence 501 provides that "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege…"[1]

### A. Physician-Patient and Psychotherapist-Patient Privileges

Were this a case in which Rule 501 incorporated Washington law, Plaintiff's physician-patient and psychologist-patient privileges would be waived by operation of law, ninety days after filing this action. *See Lodis v. Corbis Holdings, Inc.*, 172 Wash.App. 835, 854-55, 292 P.3d 779, 790 (2013). The federal law approach to waiver is slightly more complicated.

There is no physician-patient privilege recognized under federal common law or in the Ninth Circuit. *In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986). Accordingly, Plaintiff's objection to the discovery requests based on a physician-patient privilege is overruled.

---

[1] According to Rule 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." This is not such a case.

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court first recognized a psychotherapist-patient privilege in federal law. *Jaffee* concerned a civil rights suit claiming the excessive use of force by a police officer. There, the plaintiff sought to compel disclosure of the defendant police officer's confidential communications with his therapist, a licensed clinical social worker. The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501." *Id.* at 15. Significantly, the Court limited the psychotherapist-patient privilege to licensed social workers, psychiatrists and psychologists. *Id.* The Court squarely rejected the position that a court should balance the need for relevant information in the particular case against the invasion of a patient's privacy. *Id.* at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege"). In *Jaffee*, however, there was no waiver issue. The Court did observe that a "patient may of course waive the protection" of the privilege, *id.* at 15 n. 14, but the Court did not speak further on the subject of waiver.

This Court has located only one Circuit Court of Appeals decision that addresses the waiver of the psychotherapist-patient privilege. *Doe v. Oberweis*

*Dairy*, 456 F.3d 704 (7th Cir. 2006).  The Seventh Circuit plainly held, "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Id*. at 718 (citations omitted).

On the other hand, the district courts have not been so quick to accept such a broad statement.  Three different approaches have emerged for determining when a plaintiff waives the psychologist-patient privilege: a broad approach (privilege is waived upon allegation of emotional distress in the complaint); a middle ground approach (privilege is waived when plaintiff alleges more than "garden variety" emotional distress, like a specific psychiatric disorder); and a narrow approach (privilege is waived only when there is affirmative reliance on psychotherapist-patient communications).  *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636–37 (N.D.Cal. 2003) (no waiver of privacy when plaintiff did not allege "cause of action for intentional or negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations").

Here, Plaintiff claims damages for the stress he suffers.  Specifically, Plaintiff contends, "stress was high"… "the stress cause[d] hypertension which is a trigger for the disease that causes me to lose vision" and "[b]lood pressure had risen… I had started taking [blood pressure] medication again."  *See* Plaintiff's

proposed trial exhibit, ECF No. 33 at 73.  While counsel has disavowed that Plaintiff will "allege that ENW caused his blindness, or made his eye condition worse, or that any specific diagnosable medical condition was caused by ENW," ECF No. 32 at 3, Plaintiff's proposed trial exhibit does just that.

Plaintiff also seeks damages for anxiety, anguish (grief), stress, loss of enjoyment of life, humiliation, embarrassment, and fear.  ECF No. 33 at 72-101.  Despite these allegations, Plaintiff contends that these symptoms constitute only "garden-variety" emotional distress and disputes that his mental condition is at issue which would thereby render his psychotherapist records subject to disclosure.  Plaintiff's proposed exhibit reveals potentially multiple causes for his damages, including the loss of his employment, medical conditions, loss of his vision, marital problems and the move from his residence.

Despite Plaintiff's claims to the contrary, he has put his mental state in controversy by seeking damages for the continuing emotional distress he claims to suffer at the hands of the Defendant.  Defendant is allowed to test Plaintiff's credibility and the cause of those continuing harms.

But based on the present record, the Court is not at all convinced there are any records from "licensed psychiatrists and psychologists" or "licensed social workers."  Plaintiff bears the burden of establishing the applicability of a privilege.  The Court is authorized to conduct an *in camera* review, seal the records, or limit

their use at trial as necessary to protect the plaintiff's privacy. *See Doe v. Oberweis Dairy*, 456 F.3d at 718. That procedure appears to be necessary here, where it is not at all clear what records are at issue.

### B. Joint Representation/Common Interest

The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)) (internal quotations omitted). The privilege, however, is strictly construed. *Id.* (citing *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). The party asserting the privilege bears the burden to prove each element of an eight-part test used to determine if information is privileged:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* at 607–08 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir. 1992)).

Rather than a separate privilege, the "common interest" or "joint defense" rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each

ORDER RE DISCOVERY ~ 8

other. *In re Pac. Pictures Corp.*, 679 F. 3d 1121, 1129 (9th Cir. 2012) (citing *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965) and *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990) (collecting cases)).  However, a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception. *Id*.  Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten. *Id*.  Further, the exchange of information must have been "intended to facilitate representation" of either party. *Id*. at 1129– 30 (citing *Hunydee*, 355 F.2d at 185).

The joint defense or common interest rule presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine. *In re Grand Jury Subpoenas*, 902 F.2d at 249 (recognizing that it applies to both civil and criminal cases).

Here, Plaintiff claims to have signed a joint representation agreement. ECF No. 32 at 6.  That is sufficient according to the Ninth Circuit.  Certainly, communications between counsel and each individual client may fall within the attorney client privileged.  It follows that communications while all three are present (Mr. Sanders, Mr. Nelson and their attorney) could come within the rule and be privileged as well.  What is less clear to the Court is whether

ORDER RE DISCOVERY ~ 9

communications between Plaintiff and Mr. Nelson, without counsel present, would qualify as falling within the attorney-client privilege. These are the communications ENW plainly seeks by its request. What is even less clear to the Court is whether any such communication exists. Plaintiff's last response was that "he does not have any documents responsive to this request." It appears an *in camera* review is appropriate. Accordingly, the Court will order Plaintiff to submit the communications falling within the scope of the request, i.e., communication between Mr. Sanders and Mr. Nelson, to the Court for an *in camera* review along with a brief statement how each communication enjoys the attorney client/work product privilege.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protective Order (ECF No. 32) is **DENIED.**

2. Plaintiff shall forthwith comply with Defendant's discovery requests with respect to any information or records withheld based upon the non-existent physician-patient privilege. To the extent Plaintiff seeks to withhold information or records falling within the federally recognized psychotherapist-patient privilege, he shall submit such information and records to the Court, *in camera*, no later than **October 25, 2013**.

3. Plaintiff shall submit the communications falling within the scope of the RFP No. 13, i.e., communications between Mr. Sanders and Mr. Nelson,

to the Court for an *in camera* review along with a brief statement how each communication enjoys the attorney-client/work-product privilege, no later than **October 25, 2013**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** October 17, 2013.



THOMAS O. RICE
United States District Judge

ORDER RE DISCOVERY ~ 11