UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID SANDERS, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ENERGY NORTHWEST, a Washington municipal corporation,<br><br>　　　　　　　　Defendant. | NO:  12-CV-0580-TOR<br><br>STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Protective Order (ECF No. 36).  Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-captioned matter will involve the disclosure of confidential information, it is ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below as stipulated by and between the parties.

　　1. Confidential Documents.  The parties expect that documents containing confidential information will be produced during the course of discovery in this

STIPULATED PROTECTIVE ORDER ~ 1

1  case.  Confidential information is information which has not been made public and

2  which concerns or relates to medical information, financial information, personnel

3  files containing benefit and beneficiary information, discipline, performance

4  evaluations, and investigations of claims.

5      2.  In connection with the discovery proceedings in this action, the parties

6  may designate any document, thing, material, testimony or other information

7  derived therefrom, as "Confidential" under the terms of this Stipulated Protective

8  Order (hereinafter "Order").

9      3.  By designating a document, thing, material, testimony or other

10 information derived therefrom as "Confidential," under the terms of this Order, the

11 party making the designation is certifying to the court that there is a good faith

12 basis both in law and in fact for the designation within the meaning of Federal Rule

13 of Civil Procedure 26(c).

14     4.  Confidential documents shall be so designated by stamping copies of the

15 document produced to a party with the legend "CONFIDENTIAL."  Stamping the

16 legend "CONFIDENTIAL" on the cover of any multi-page document shall

17 designate all pages of the document as confidential, unless otherwise indicated by

18 the producing party.

19     5.  Testimony taken at a deposition, conference, hearing or trial may be

20 designated as confidential by making a statement to that effect on the record at the

deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. The parties agree that documents designated as confidential are entitled to protection under Rule 26(c) against disclosure or use by the parties, their agents, servants, and attorneys or third parties for purposes unrelated to the merits of this litigation as defined by the pleadings and below.

7. Prohibition Against Disclosure; Acknowledgment. Documents which are provided by the parties in discovery shall not be disclosed to any person other than:

    a. Legal counsel for the parties to this action;

    b. Legal secretaries; paralegal assistants and other employees of legal counsel for the parties;

    c. The parties to this action or any director, officer, employee, or agent of a party; with responsibility for the supervision of this action, document management, or the settlement of this action;

    d. Expert witnesses retained or consulted by counsel to assist in the preparation and trial of this litigation; and

    e. A witness, potential witness, or deponent; and

    f. The court, persons employed by the Court, and stenographers transcribing testimony or oral argument at any hearing, trial or deposition in this action.

8. Each person to whom disclosure of documents is to be made, except the lawyers who have individually signed this Stipulated Protective Order, shall, prior

STIPULATED PROTECTIVE ORDER ~ 3

1 to disclosure, be told about the confidentiality provisions herein and agree to be
2 bound by its terms.

3       9. Return of Documents or Notice of Destruction.  Promptly upon
4 completion of this case, including completion of all post-trial and appeal
5 procedures and the entry of a final mandate, judgment, decree or order, Parties
6 shall return to the other side all documents obtained in this case, or shall certify
7 that those documents have been destroyed, except counsel may retain records as
8 needed for malpractice purposes and Energy Northwest may retain records that it is
9 required (any only to the extent it is required) to retain by its reasonable
10 recordkeeping policies or by law.  Nothing in this paragraph shall require the
11 destruction, or the return, of pleadings or of research memoranda or other such
12 materials prepared in connection with the prosecution or defense of this action,
13 even if said materials contain confidential information.  Notwithstanding the
14 provisions of the preceding paragraph, all persons who have received documents
15 shall continue to be bound, without limitation, not to disclose any documents
16 except in accordance with this order.  The cost of returning or destroying
17 confidential documents shall be borne by the party who seeks to hold those
18 documents confidential.

19       10. Nothing herein shall impose any restrictions on the use of disclosure by
20 a party of material obtained by such party independent of discovery in this action,

STIPULATED PROTECTIVE ORDER ~ 4

1  whether or not such material is also obtained through discovery in this action, or
2  from disclosing its own Confidential Material as it deems appropriate.
3      11. This Order shall be without prejudice to the right of the parties (i) to
4  bring before the Court at any time the question of whether any particular document
5  or information is confidential or whether its use should be restricted or (ii) present
6  a motion to the Court under FRCP 26(c) for a separate protective order as to any
7  particular document or information, including restrictions differing from those as
8  specified herein.  This Order shall not be deemed to prejudice the parties in any
9  way in any future application for modification of this Order.
10     12. Nothing in this agreement shall prevent a party from filing such a
11 document at summary judgment or trial.
12     13. Modification. The terms of this Stipulated Protective Order may be
13 modified by stipulation of the parties or by order of the Court.
14 **IT IS SO ORDERED.**
15     The District Court Executive is hereby directed to enter this Order and
16 provide copies to counsel.
17     **DATED** October 24, 2013.



THOMAS O. RICE
United States District Judge

STIPULATED PROTECTIVE ORDER ~ 5